UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

MAXINE PUMPKIN-WILSON,

       Plaintiff-Appellant,

v.

JANICE M. SHEETS, in her official
capacity as superintendent of the
Tahlequah Public Schools,

       Defendant-Appellee.

No. 95-7175
(D.C. No. CV-94-658-P)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff, a Native American, commenced this action alleging wrongful discharge from employment based on race discrimination under 42 U.S.C. §§ 1981 and 2000e-2(a) and reprisal under 42 U.S.C. § 2000e-3(a).  At the close of plaintiff's presentation of evidence at trial before a jury, the district court granted defendant's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a)(1).  The sole issue before us on appeal is whether the district court erred in granting judgment as a matter of law in favor of defendant.  We affirm.

In the fall of 1990, plaintiff applied for the position of Indian Education Coordinator with the Tahlequah Public School District.  She interviewed for the position with an Indian Education Parent Committee, which was composed of parents of Indian students.  The Parent Committee did not submit her name to the then superintendent of the school district, Dr. Barbara Staggs, as one of the two finalists for the position.  The Parent Committee changed the requirements for the position, and the person selected to be coordinator was Georgia Dick, a Native American, whom plaintiff alleged was not as qualified for the position as plaintiff.

Subsequently, plaintiff's application for the coordinator postion was submitted for a counselor position. The counselor reported to the coordinator. Plaintiff was hired for that position and was rehired for the following two school years. In November 1992, she received a negative evaluation and plan for improvement. After plaintiff filed two grievances, one for having a noncertified individual, Ms. Dick, participate in her evaluation and one for being given a pre-prepared plan for improvement, the evaluation and plan for improvement were withdrawn, and plaintiff was reevaluated properly with a more favorable evaluation.

Also, in November 1992, she was docked a days' pay for failing to report for work on the first day of the new school year. Plaintiff filed a grievance requesting that she be paid. The grievance was resolved by allowing her an opportunity to make up the time she missed.

Thereafter, there was a disagreement between plaintiff and Dr. Staggs concerning whether plaintiff misrepresented her employment history and secondary counselor certification at the time she interviewed for the counselor position. Dr. Staggs apparently asked plaintiff to resign due to the alleged misrepresentations.

In April 1993, plaintiff was notified by the school board that she would not be rehired as a counselor for the next school year. The school board's decision

was made after the Parent Committee recommended, based on the results of a needs assessment survey, that plaintiff's contract not be renewed and that the counselor position be replaced by three noncertified assistants.

Plaintiff testified that she was subjected to racial discrimination because the school district did not want highly qualified Native Americans advancing within the school system. As specific incidents of discrimination, she pointed to the hiring of a less qualified Native American for the coordinator position, the downgrading of the former Director of Indian Education,[1] Lucinde Horsechief, to keep her from advancing in the school district, the pay docking and improper evaluation, and her failure to reach career teacher status due to defendant's actions.

In moving for judgment as a matter of law, defendant argued both that plaintiff did not present a prima facie case of discrimination and that the legitimate nondiscriminatory reasons for defendant's actions were not proven by plaintiff to be a pretext for discrimination. The district court granted judgment as a matter of law stating only the following:

> The Court finds there's no legally sufficient evidence--eviden[t]iary basis for a reasonable jury to find for the plaintiff on any alleged cause of action. The evidence viewed in the light most favorable to the plaintiff points but one way and is susceptible to no reasonable inferences supporting the plaintiff . . . .

---

[1]     The director title was later changed to coordinator.

IV R. at 620.

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Rule 50(a)(1). We review the grant of judgment as a matter of law de novo, applying the same standards applied by the district court. Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994). We view the evidence and all reasonable inferences drawn from it in favor of the nonmoving party without weighing the evidence, passing on the credibility of the witnesses, or substituting our judgment for that of a jury. Greene v. Safeway Stores, Inc., 98 F.3d 554, 557, 560 (10th Cir. 1996).

> Judgment as a matter of law is appropriate only where the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ on the conclusion. Unless the proof is all one way or so overwhelmingly preponderant in favor of the movant as to permit no other rational conclusion, judgment as a matter of law is improper.

Id. at *3 (citations and quotation omitted). Also, we are "mindful that a ruling which deprives a party of a determination of the facts by a jury 'should be cautiously and sparingly granted.'" Id. at 560 (quoting Cockrell v. Boise Cascade Corp., 781 F.2d 173, 177 (10th Cir. 1986)).

Plaintiff argues that the district court's grant of judgment as a matter of law on her discrimination and reprisal claims was in error because she presented a

prima facie case of each and because she presented substantial evidence showing defendant's justification for the elimination of her position was pretextual. Because plaintiff relied on circumstantial rather than direct evidence of intentional discrimination, we apply the burden shifting scheme set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), to evaluate whether plaintiff demonstrated circumstantial discriminatory intent as to her Title VII and § 1981 claims. See Reynolds v. School Dist. No. l, 69 F.3d 1523, 1533 (10th Cir. 1995). First, plaintiff must establish a prima facie case of discrimination. Id. To do so, she must show that she (1) "belongs to a protected class;" (2) "was qualified and satisfactorily performing her job;" and (3) "was terminated under circumstances giving rise to an inference of discrimination." Martin v. Nannie & Newborns, Inc., 3 F.3d 1410, 1417 (10th Cir. 1993). Establishing a prima facie case effectively creates a presumption of unlawful discrimination by an employer against an employee. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). If the plaintiff makes this showing, the burden shifts to the defendant to articulate a legitimate and nondiscriminatory reason for the challenged employment action. McDonnell Douglas, 411 U.S. at 802. If the defendant meets this burden, the burden shifts back to the plaintiff to show that the proffered reason was pretextual. Id. at 804. The ultimate burden of proving discrimination always remains with the plaintiff, and the McDonnell Douglas

"burden shifting analysis need not be strictly applied." Murray v. City of Sapulpa, 45 F.3d 1417, 1421 n.2 (10th Cir. 1995).

Plaintiff argues that she met the test for a prima facie case of race discrimination.[2] It is undisputed that she is a member of a protected class, Native Americans. Defendant disputes plaintiff's assertion that she was qualified and satisfactorily performing her job. Because plaintiff's most recent, proper evaluation was favorable and she was qualified at the time of the alleged discriminatory action, it appears, and therefore we must assume, that plaintiff was qualified and satisfactorily performing her job. Defendant also disputes plaintiff's argument that she was terminated under circumstances giving rise to an inference of discrimination. Plaintiff maintains that discrimination can be inferred from the facts that she would have been a career teacher after three years if she had not been terminated, Ms. Horsechief was prevented from advancing in the school district, plaintiff was docked a days' pay and improperly evaluated, and defendant allegedly attempted to coerce her into resigning by falsely accusing her of misrepresenting her counselor certification status at the time she applied for

---

[2] We agree with plaintiff that elimination of her position did not end the discrimination inquiry, because the elimination of a position for racially motivated reasons can form the basis of a discrimination claim. Reynolds, 69 F.3d at 1535.

the counselor position. Plaintiff believes her position was eliminated only after she failed to resign.

"As the very name 'prima facie case' suggests, there must be at least a logical connection between each element of the prima facie case and the illegal discrimination for which it establishes a 'legally mandatory, rebuttable presumption[.]'" Green, 98 F.3d at 558 (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 n.7 (1981)). Plaintiff failed to establish any connection between the elimination of her position before she was classified as a career teacher and the alleged racial motivation of defendant. Ms. Horsechief voluntarily resigned because she did not feel she had administrative support, not due to racial discrimination. Also, Ms. Horsechief stated that she had no personal knowledge of any racial discrimination against plaintiff. No evidence was presented establishing that Native Americans were hindered or precluded from advancing within the school district. Because her grievances relating to her evaluation were resolved to her satisfaction, no discriminatory intent can be inferred from the improper evaluation. Nothing, other than plaintiff's bare assertion, indicates the pay docking and accusations regarding her certification status were related to her race. We conclude plaintiff did not make a prima facie showing of race discrimination.

Plaintiff argues that she presented a prima facie case of reprisal. To establish a prima facie case of reprisal, a plaintiff must show (1) protected employee action; (2) adverse action by an employer either after or contemporaneous to the employee's protected action; and (3) a causal connection between the employee's action and the employer's adverse action. See Berry v. Stevinson Chevrolet, 74 F.3d 980, 985 (10th Cir. 1996). Plaintiff claims the following show reprisal: she filed grievances concerning the reduction in pay and improper evaluation, defendant took adverse action by eliminating her position shortly after she filed the grievances, and defendant's action was causally related to her filing the grievances. It is undisputed that plaintiff engaged in protected actions by filing her grievances and that defendant eliminated the counselor position. We do not agree with plaintiff, however, that she established the requisite discriminatory causal connection. Nothing indicates the counselor position was eliminated due to the grievances she filed. Rather, it appeared that the position was eliminated for wholly independent reasons. We conclude plaintiff did not make a prima facie showing of reprisal.

Even if we assume that plaintiff made a prima facie case, defendant met her burden of establishing a legitimate and nondiscriminatory reason for eliminating plaintiff's position. The Parent Committee recommended that the counselor position be eliminated based on the results of a needs assessment survey,

evaluating academic, cultural and direct service needs, which was completed by Indian parents and children in the school district. Thus, we conclude defendant presented a legitimate nondiscriminatory reason for the elimination of the counselor position.

Because defendant met her burden, plaintiff is required to show that defendant's proffered reason was pretextual. "Pretext requires a showing that the tendered reason for the employment decision was not the genuine motivating reason, but rather was a disingenuous or sham reason." Reynolds, 69 F.3d at 1535. To establish pretext, plaintiff states the needs assessment survey did not discuss or recommend abolition of the counselor position, the deposition testimony of David Cornsilk, which was contrary to his trial testimony, indicated that the needs assessment survey requested a counselor position, and Dr. Staggs' testimony was not credible. According to plaintiff the docked pay and improper evaluation suggest defendant was interested in forcing plaintiff to resign even before the Parent Committee considered the needs assessment survey and recommended the counselor position be eliminated. Cf. III R. at 334-35 (plaintiff testified that Dr. Staggs requested her resignation after plaintiff learned her position was being eliminated). Even though the needs assessment survey did not specifically address the counselor position, its failure to do so does not rebut defendant's reason for eliminating the position. Even if Dr. Staggs tried to force

-10-

plaintiff to resign, plaintiff failed to prove this was based upon race. Irrespective of Dr. Staggs credibility, plaintiff failed to meet her burden of proving pretext. The docked pay and improper evaluations also do not, as plaintiff argues, establish pretext for racial discrimination, since her pay was docked because she failed to report to work or make up missed time and the evaluation grievances were resolved in her favor.

None of the evidence suggests that plaintiff's position was eliminated based upon race or that she was a victim of reprisal. Plaintiff provides only her own unsupported assertions that the reasons given by defendant for the elimination of the counselor position are merely pretext for racial discrimination. Because plaintiff did not offer evidence suggesting defendant was not concerned with best meeting the needs for Indian education and instead was discriminating against her on the basis of race, she did not meet her burden of calling defendant's facially nondiscriminatory explanation into doubt as pretextual. See Reynolds, 69 F.3d at 1536. Because plaintiff did not prove a prima facie case or show that defendant's alleged nondiscriminatory reasons for eliminating her position were pretextual, the district court correctly granted judgment as a matter of law in favor of defendant.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

-11-

Entered for the Court


John C. Porfilio
Circuit Judge